[Civ. No. 60094. Second Dist., Div. Five. Apr. 29, 1982.]

WAYNE REEDER, Plaintiff and Appellant, v.
GLORIA PETIT LONGO et al., Defendants and Respondents.

## COUNSEL

Sims, Solomon & Konnoff and Gabriel W. Solomon for Plaintiff and Appellant.

Ferguson, Regnier & Paterson, William E. Paterson, Mazirow, Forer, Lawrence, Cunningham & Giden, Anne S. Bachman and Z. M. Wojciechowski for Defendants and Respondents.

## OPINION

**HASTINGS, J.**—This is an appeal by plaintiff and appellant Wayne Reeder from a judgment of dismissal which followed a sustaining of de-

murrers without leave to amend to appellant's second amended and supplemental complaint. The second amended complaint stated five causes of action. As to defendants and respondents Gloria Petit Longo and Rosita Petit Marvel, the judgment ordered dismissal of the first count only. As to defendants and respondents Mission Camarillo, Inc., C. R. Wojciechowski, William Reardon and Bernice Reardon, the judgment of dismissal was to all five counts. As to defendant and respondent Uni-Cal Financial Corporation (Uni-Cal), named as a defendant only in appellant's fourth and fifth causes of action, the judgment of dismissal pertained to just these two counts.

The basic issue on appeal is whether a buyer of real property can waive an invalid subordination provision in the agreement of sale, that was inserted solely for his benefit, in order to prevent the contract from being declared invalid.

## FACTS

Longo and Marvel owned a 120-acre parcel of land in Ventura County. In 1972 they sold the land to Mission Camarillo, Inc. (Mission), alleged to be the alter ego of defendant George Longo and respondents C. R. Wojciechowski, William Reardon and Bernice Reardon. Longo and Marvel took back from Mission a purchase money note secured by a deed of trust on only 80 of the 120 acres and allowed that deed of trust to be subordinated to a first deed of trust which was concurrently recorded in favor of Pennamco of New Jersey, Inc. (Pennamco). Thereafter, Mission defaulted and Longo and Marvel commenced foreclosure proceedings. Subsequently, in March and April of 1976, Longo and Marvel entered into a partially written and partially oral agreement with appellant to sell to him 70 of the 120 acres.

The written agreement to sell the 70 acres to appellant contained all of the material factors required for sale of real property. However, it also contained two conditions which respondents rely upon to support their argument that the agreement was invalid. The first condition, hereinafter called the subordination proviso, reads as follows: "Sellers agree to subordinate the note and deed of trust referred to in paragraph 1 above to a development and/or construction loan pursuant to a subordination agreement to be executed between the parties at close of escrow." The deed of trust to be subordinated by the sellers was in the amount of $125,000 and was the balance of the purchase price that appellant agreed to pay for the property. The total purchase price of the

property was $700,000; $10,000 was to be deposited by appellant at the opening of escrow and $565,000 was to be deposited in escrow just prior to its close. The subordination proviso was solely for the benefit of appellant.

The second condition in the written agreement provides as follows: "It is expressly understood between buyer and sellers that in order to deliver title to said property to Buyer, Sellers will have to: (a) complete the foreclosure of the interest of Mission Camarillo, Inc. under Sellers' current deed of trust; and (b) acquire the interest of Associated Urban Finance Corporation (Pennamco) in the forty (40) acres contiguous to the eighty (80) acres secured by Sellers' deed of trust. In the event sellers are unable to secure such title then Buyer shall have no obligation to complete this escrow nor shall Sellers incur any liability to buyer therefor. If sixty (60) days after the opening of escrow it appears that Sellers will be unable to deliver title to Buyer, then Buyer shall have the option of canceling this escrow without liability."

In addition to the above clauses the written agreement also acknowledged that Longo and Marvel were foreclosing their second deed of trust in order to regain title to the 80-acre parcel and that they would convey title free and clear of any encumbrances.

Appellant's second amended complaint, although not a model of pleading, sets forth five causes of action, which summarized are as follows: The first cause of action is for specific performance requiring Longo and Marvel and Mission to deliver grant deeds to the 70-acre parcel to appellant. It alleges the written agreement between the parties which is incorporated by reference as an exhibit and it states that Longo and Marvel were successful in foreclosing on the 80 acres, 70 of which were to be conveyed to appellant. It then alleges that pursuant to an oral agreement between the parties, Longo and Marvel were to use the $575,000 cash to be paid in escrow by appellant to eliminate the first trust deed of Pennamco.

The first cause of action also alleges that the written agreement was prepared by counsel for Longo and Marvel and that the subordination proviso, inserted for appellant's benefit, was known by counsel or should have been known to be unenforceable and might cause the entire contract to fail. There is a further allegation that after receiving notice of this alleged legal problem with the sale agreement that appellant

waived the subordination proviso and was ready to fully perform the contract by full payment of the purchase price.[1]

The second cause of action is against the named defendants cited earlier in this opinion, except Uni-Cal, and seeks damages for breach of contract based upon violation of certain express covenants in the agreement and the covenant of good faith and fair dealing implied in the contract.

The third cause of action is against the same defendants and is based upon fraudulent inducement and seeks damages for time and money expended in anticipation of acquisition and development of the 70-acre parcel.

The fourth cause of action is against the same defendants and Uni-Cal alleging a conspiracy to interfere with the contract and economic interests of appellant. It seeks to impose a constructive trust on the 70-acre parcel and conveyance of the property to appellant.

The fifth cause of action is against all defendants excepting Longo and Marvel and seeks damages (lost profits) for their interference with appellant's contract and his economic interests.

### DISCUSSION

The sustaining of the demurrers which led to the dismissals was based on the law set forth in a series of California cases and anchored by *Magna Development Co. v. Reed* (1964) 228 Cal.App.2d 230 [39 Cal.Rptr. 284]. *Magna* held that a general subordination clause quite similar to the one in our present case was invalid because it failed to delineate all of the terms of the subordination agreement. This invalidity voided the entire agreement and therefore it could not be specifically enforced, nor would it support an action for damages. The opinion also held that the buyer could not waive the subordination proviso in order to enable the buyer to sue for specific performance or damages.

---

[1]Demurrers to appellant's original complaint and first amended complaint were apparently sustained in favor of defendants on the basis that the subordination agreement lacks specificity and therefore was invalid and such invalidity rendered the entire contract unenforceable. Appellant's allegations concerning the drafting of the agreement by Longo's and Marvel's attorney and his waiver of the subordination proviso in the second amended complaint was obviously intended to get around the problem that existed in the earlier complaints.

Since *Magna* that portion of the opinion preventing a waiver by the buyer of a subordination proviso inserted solely for his benefit has been modified by decisional law. In *Doryon* v. *Salant* (1977) 75 Cal.App.3d 706 [142 Cal.Rptr. 378], in an opinion authored by Justice Kaus, we stated: "In a real property transaction, the 'material factors to be ascertained from the written contract are the seller, the buyer, the price to be paid, the time and manner of payment, and the property to be transferred, describing it so that it may be identified. [Citations.]'" (75 Cal.App.3d at p. 711.) The opinion then follows with this statement of the law as we interpret it to be today: "'[A] contracting party may waive provisions placed in a contract solely for his benefit. [Citations.]'" (At p. 712.) In footnote 3 of the opinion Justice Kaus refers to the perplexing result of the *Magna* opinion in connection with the waiver issue and impliedly concludes that it reached its decision because of the "conditional nature of the waiver." (*Id.* at p. 712.) *Spellman* v. *Dixon* (1967) 256 Cal.App.2d 1 [63 Cal.Rptr. 668], also recognizes that there can be an unconditional waiver of a subordination proviso that is placed in a contract solely for the buyer's benefit. However, as in *Magna*, it denied the right to waive the subordination clause because the waiver was conditional.

██ In our present case appellant in his second amended complaint states that he was unaware of the possibility that the contractual provision for subordination of the proposed Longo and Marvel trust deed to a construction loan trust deed might be unenforceable and cause the entire contract to fail. He did not draw the contract (Longo's and Marvel's counsel did) and he was not represented by counsel. Upon learning that defendants intended to deny the validity of the agreement based upon the invalidity of said clause appellant notified defendants Longo and Marvel that he would waive the provision and would agree to the identical contract minus the subordination provision. This represents a complete and unconditional waiver. It also makes sense in the context of this case. The total contract price was $700,000 with appellant paying $575,000 in cash before close of escrow. The $125,000 balance to be represented by a first trust deed is less than one-fourth of the total purchase price. Clearly the subordination proviso was solely for the benefit of appellant. When he offered to waive the subordination provision it apparently did not prevent appellant from completing his land development project.

The law, as conceded in *Magna*, favors the enforcement of contracts. Where all of the material factors of a real property transaction are

present, and a seller would not be prejudiced by removal from the agreement of a condition inserted solely for the benefit of the buyer, it would be a gross injustice to the buyer to allow the seller to escape legal responsibility because the courts would not permit a waiver of the condition. We conclude that appellant has stated a cause of action for specific performance and/or damages under his first cause of action provided he file with the court prior to trial or at time of trial an unconditional waiver of the subordination proviso.

■ Although not specifically argued by respondents (probably because of their reliance on *Magna*) by implication they cast doubt on appellant's first cause of action because the 80 acres and the 40 acres were still subject to Pennamco's deed of trust. This of course has reference to the second condition whereby Longo and Marvel were to sell the property to appellant provided they could successfully remove the deed of trust from the property prior to close of escrow. The property was allegedly sold to a third party because this could not be done. This condition is a hurdle that appellant will have to clear at time of trial. We are satisfied that appellant has pleaded sufficient facts in connection with this condition to raise a triable issue of fact that must be determined by the jury or judge sitting without a jury. Appellant has alleged an oral agreement with respondents Longo and Marvel that part or all of the $575,000 cash paid by appellant would be used to eliminate the Pennamco trust deeds. There is some evidence in the record to support this contention. On page 2, paragraph 3 of the real estate purchase contract and receipt for deposit attached to the second amended complaint, as an exhibit, is the following statement: "This offer is contingent upon Buyer's approval of preliminary title report within 30 days of receipt of same (Buyer is aware that bankruptcy proceedings have been filed against subject property together with a foreclosure suit as filed in the Ventura County Superior Courts. Seller represents that these proceedings can be eliminated and Seller can convey the subject property free and clear to the Buyer.)"

■ The dismissal of the first cause of action against Longo and Marvel and all of the causes of action against Mission, Wojciechowski, William Reardon and Bernice Reardon were founded on the belief that the contract was invalid because appellant could not waive the subordination proviso. Having concluded that this was in error and that appellant has stated a cause of action the sustaining of the demurrers without leave to amend was in error and the judgment of dismissals based thereon must be reversed.

This brings us to the dismissal of the fourth and fifth causes of action against Uni-Cal, one of the parties to which the 70-acre parcel was conveyed after the agreement with appellant. Uni-Cal correctly states that the two causes of action for interference with a prospective economic advantage can only be classified as an interference with a contract. Uni-Cal then adopts the same argument as the other respondents, namely, that there was no enforceable contract because of the invalidity of the subordination proviso. In view of the fact that we have held that appellant has stated a cause of action based upon a contract subject to appellant's filing of an unconditional waiver of the subordination proviso, Uni-Cal's argument must also fail.

The judgment of dismissal is reversed.

Stephens, Acting P. J., and Ashby, J., concurred.