Filed 3/28/25  Chestnut Westside v. Amazon Energy CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHESTNUT WESTSIDE, LLC, et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>AMAZON ENERGY LLC, et al.,<br><br>Defendants and Respondents. | F088003<br><br>(Super. Ct. No. 24CU0011)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

Orrick, Herrington & Sutcliffe and Paul F. Rugani for Plaintiffs and Appellants.

K & L Gates, Edward P. Sangster, Jason N. Haycock, and Jessica S. Kang, for Defendants and Respondents.

-ooOoo-

The parties in this case negotiated and entered into contracts concerning "solar energy projects[.]"  In essence, Amazon agreed to purchase energy from solar fields developed by Chestnut Westside, LLC, and Westlands Solar Blue, LLC (collectively,

Chestnut).[1]  In turn, Chestnut would utilize the purchasing agreements with Amazon to fund and build the projects.  After the deal eventually fell through, Chestnut sued Amazon.

Chestnut filed its lawsuit in California.  Amazon moved to enforce "forum selection clauses designating King County, Washington as the" appropriate venue."  The trial court granted the motion, staying litigation and permitting the parties to "seek dismissal … after litigation in the state of Washington … commenced."

On appeal, Chestnut challenges the stay.  We affirm.

## BACKGROUND

Chestnut's "affiliates" sought to develop "approximately 20,000 acres" into a "solar photovoltaic park[.]"  Amazon agreed to purchase the energy produced by Chestnut, and Chestnut in turn intended to use the agreement to "obtain[] the financing necessary to build[.]"

Unable to secure financing, Chestnut and Amazon negotiated amended terms and conditions.  According to Chestnut, "Amazon ultimately refused to agree to economically feasible amended terms and also refused to terminate the agreements[.]"  Chestnut then "sold all its tangible and intangible assets" to essentially, and informally, exit the contract.

After Chestnut informed Amazon it had sold its assets, Amazon accused—by letter—Chestnut "of events of default and material breaches[.]"  Amazon subsequently withdrew $24,000,000 in "cash collateral" Chestnut had "posted with" a bank to underwrite the agreement.

Ultimately, Chestnut sued Amazon, here in California, for "conversion," violating "Business and Professions Code [s]ection 17200," and declaratory relief, alleging the

---

[1] Chestnut Westside and Westlands Solar Blue are distinct—but related—projects and LLCs but we refer to them collectively for convenience and simplicity.

2.

agreements were "void as contracts of adhesion." Because the agreements included forum selection clauses designating Washington as the proper venue to litigate any dispute, Amazon moved to dismiss or stay Chestnut's complaint.

Chestnut opposed Amazon's motion, arguing the forum selection clause was unenforceable because the agreement also included a predispute jury trial waiver. Alternatively, Chestnut stated the clause was unenforceable because its enforcement would violate California's public policy promoting "clean, renewable energy."

Amazon responded by "affirmatively waiv[ing] any rights under the … jury trial waiver provisions and agree[d] not to seek to enforce them in Washington." It contended "such [a] waiver[ was] sufficient to alleviate any concern about a party's right to a jury trial and support[ed] enforcing the mandatory forum selection clauses." Amazon noted the agreements in this case were "voluntarily agreed-upon between sophisticated parties[.]."

In reply, Chestnut asserted "[t]he only way to deter Amazon from imposing dispute resolution provisions that violate California law is to decline to enforce those provisions in their entirety, not to allow Amazon to selectively enforce them as a matter of its own convenience." The trial court sided with Amazon and enforced the forum selection clause.

The trial court credited "the representations of counsel, as officers of the court, that [Amazon] will not attempt to enforce the" jury trial waiver "in the state of Washington." It found those "stipulations … [were] adequate to preserve [Chestnut's] constitutional rights." Finally, it held Chestnut's action simply did not implicate "clean energy public policy[.]" The court's order officially "stay[ed] th[e] action," permitting "dismissal … after litigation in the state of Washington ha[d] commenced."

## DISCUSSION

On appeal, Chestnut asserts "forum selection clauses cannot be enforced when they include a pre-dispute waiver of the right to a jury." It adds Amazon's attempt "to

3.

disclaim enforcement of the jury waiver" does not cleanse the violation. Alternatively, Chestnut argues the clause violates public policy by "jeapordiz[ing] California's interest … in access to clean, renewable energy."

Amazon, of course, opposes the notion the forum selection clause is not enforceable. It argues "California public policy strongly favors enforcement of freely negotiated forum selection clauses." Similarly, Amazon contends energy policy is not implicated because Chestnut's complaint seeks only private damages, not public relief.

We agree with Amazon this case centers around privately negotiated contracts. As explained below, because forum selection clauses are valid, and Amazon waived its contractual right to a nonjury trial, the trial court properly enforced the forum selection clause.[2]

## A. Additional Background

The two provisions at issue in this case follow, quoted in full. One, "[t]his Agreement is governed by the Laws of Washington State, excluding its conflicts of law provisions. Disputes under or related to this Agreement will be resolved exclusively in the state or federal courts in King County, Washington. Seller agrees to that venue and jurisdiction and waives all defenses of lack of personal jurisdiction and inconvenient forum." Two, "[e]ach Party waives, to the fullest extent permitted by applicable Law, any right it may have to a trial by jury in respect of any dispute arising out of or relating to this Agreement."[3]

---

[2] Importantly, Chestnut does not raise any unconscionability issue. On this record, we assume it freely and voluntarily entered into the forum selection clause and the prohibited jury waiver, even if those provisions might appear formulaic. In other words, there is no suggestion Chestnut was unable to negotiate or disagree with these terms prior to entering into an agreement with Amazon. Viewed properly, whether it chose to do so or not is immaterial.

[3] The full contracts are contained within sealed records. Both parties, however, rely on and quote these provisions in public filings from which we reproduce their content.

4.

### B. Analysis

" 'California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable. [Citation.] This favorable treatment is attributed to our law's devotion to the concept of one's free right to contract, and flows from the important practical effect such contractual rights have on commerce generally.' [Citation.] But 'California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy.' " (*Handoush v. Lease Finance Group, LLC* (2019) 41 Cal.App.5th 729, 734 (*Handoush*).) Predispute jury waivers, like the one at issue in this case, however, are not permissible. (*Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 967.)

"The party opposing enforcement of a forum selection clause ordinarily 'bears the "substantial" burden of proving why it should *not* be enforced.' [Citations.] That burden, however, is reversed when the claims at issue are based on unwaivable rights created by California statutes. In that situation, the party seeking to enforce the forum selection clause bears the burden to show litigating the claims in the contractually-designated forum 'will not diminish in any way the substantive rights afforded ... under California law.' "[4] (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147 (*Verdugo*).)

A trial court's decision to enforce a forum selection clause is reviewed for abuse of discretion. (*Verdugo, supra,* 237 Cal.App.4th at p. 148.) Chestnut nonetheless argues this matter involves a question of law, inviting "this Court [to] hold that even when a party files a tactical disclaimer of the jury waiver, enforcing the forum selection clause is

---

[4] The bar against predispute jury waivers is rooted in the California Constitution and codified in Code of Civil Procedure section 631.

improper because it encourages parties to repeatedly contract for dispute resolution provisions that are unconstitutional in California."

We see no reason to depart from clearly demarcated rules defining contracts, forum selection clauses, and unconscionability. In our view, the existing legal framework adequately, and fairly, covers the issues involved in this case, and there is no need to pronounce a new legal standard. Accordingly, because Chestnut does not challenge the contract's formation, or allege it is unconscionable, we review the trial court's order for abuse of discretion.

To prove error, Chestnut cites several cases in which California courts refused to enforce a forum selection clause. Each is distinguishable.

In *Handoush, supra,* 41 Cal.App.5th 729, the appellate court declined to enforce the forum selection clause. It held the moving party "failed to show that enforcement of the forum selection clause would not substantially diminish the rights of California residents in a way that violates our state's public policy." (*Id.* at p. 741.)

In *EpicentRx, Inc. v. Superior Court* (2023) 95 Cal.App.5th 890, review granted, S282521 December 13, 2023, the appellate court upheld the trial court's order denying forum selection clauses' enforcement. The appellate court held the moving party "did not establish that … rights under California law would remain undiminished by the enforcement of the forum selection clauses[.]" (*Id.* at p. 908.) Indeed, the moving party "d[id] not even try to satisfy their burden of showing that litigation in the Delaware Court of Chancery would not diminish [the opposing party's] rights under California law. (*Id.* at p. 905.)

In *Verdugo, supra,* the appellate court found a forum selection clause unenforceable. It stated the moving party "failed to show enforcement of the forum

6.

selection clause would not diminish … unwaivable statutory rights."[5] (*Verdugo, supra,* 237 Cal.App.4th at p. 154.)

In *America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, the trial court held the moving party "had failed to carry its burden of proving that the consumer rights afforded under California law would not be diminished by enforcement of the [forum selection] clause[.]" (*Id.* at p. 7.) The appellate court subsequently denied a "petition for writ of mandate," "conclud[ing] the [trial] court properly denied [the] motion." (*Id.* at pp. 21, 4.)

In *Wimsatt v. Beverly Hills Weight etc. Internat., Inc.* (1995) 32 Cal.App.4th 1511, the appellate court placed "the burden … on the [moving party] to show that litigation in the contract forum will not diminish any … rights under California law." (*Id.* at p. 1524.) It ultimately "remanded for further proceedings" to allow the moving party to develop its case and "carry [its] burden" to show enforcement would not "diminish [California] rights[.]" (*Ibid.*)

This case is different. The trial court here found Amazon had essentially guaranteed it would not diminish Chestnut's *California* right to a jury trial by affording it a jury trial in Washington. In other words, the court found Amazon carried its burden to show Chestnut's rights under California law were not diminished. The finding is not an abuse of discretion.

Amazon explicitly stated it "affirmatively waiv[ed] any rights under the … jury trial waiver provisions and agree[d] not to seek to enforce them in Washington." The

---

[5] The *Verdugo* court also opined the moving party "could have eliminated any uncertainty" in the contracted-for venue "by stipulating to … apply California law[.]" (*Verdugo, supra,* 237 Cal.App.4th at p. 158.)

trial court was eminently allowed to rely on such a representation. Reliance on counsel's explicit representations does not constitute an abuse of discretion.[6]

As to Chestnut's claim enforcing the forum selection clause would violate California's public interest in "clean, renewable energy," the trial court likewise did not abuse its discretion in finding otherwise. The trial court here noted the lawsuit did not involve any public interest or involve any public claim or claim based on energy policy or regulation. We believe the court was correct, and did not abuse its discretion when it found the suit did not implicate energy public policy.

Chestnut also turns to several federal district court opinions for support. The opinions are split.

On one side, the federal courts have declined to enforce forum selection clauses where their rote inclusion in standard contracts might mislead "California consumers" to "file suit in [contract-venue] originally, only to later discover that they somehow lost certain unwaivable rights. That scheme," the courts hold, "is contrary to California public policy and … should not [be] condone[d] or encourage[d][.]" (*Waryck v. Thor Motor Coach, Inc.* (S.D. Cal., Jan. 13, 2023, No. 22-CV-1096-L-MDD) 2023 WL 3794002, at *5; *Scott v. Airstream, Inc.* (S.D. Cal. 2024) 715 F.Supp.3d 1295, 1301 ["there may be California consumers who file suit in Ohio originally, only to later discover that they somehow lost certain unwaivable rights. That scheme is contrary to California public policy and the Court should not condone or encourage it."]; *Gorga v. Thor Motor Coach, Inc.* (N.D. Cal., Feb. 6, 2024, No. 23-CV-03603-RFL) 2024 WL

_____

[6] Apparently true to its word, Amazon filed a lawsuit against Chestnut in Washington and demanded "a jury of 12 persons" decide the matter. In the disposition we grant Amazon's request to judicially notice these records, although it does not impact our analysis due to the fact it was filed *after* the trial court made its decision in this case.

Similarly, Chestnut asks us to judicially notice the records in another case where Amazon moved to strike a plaintiff's jury trial demand. We have read and considered the records but find them inapposite. We will deny Chestnut's request for judicial notice.

1090650, at *2 ["stipulat[ing] … rights away only after the issue is raised in court by those consumers savvy enough to file suit in California" "contravene[s] California public policy"].)

On the other side, the federal courts have enforced forum selection clauses where parties have guaranteed, by stipulation, to preserve California rights in the selected venue. (*Heinz v. Amazon.com, Inc.* (E.D. Cal., July 11, 2023, No. 2:23-CV-00282 WBS AC) 2023 WL 4466904, at *3; *Pinkevich v. Thor Motor Coach, Inc.* (C.D. Cal., Nov. 16, 2022, No. 2:22-CV-05985-ODW (EX)) 2022 WL 19333282, at *3; *Derosa v. Thor Motor Coach, Inc.* (C.D. Cal., Sept. 30, 2020, No. 2:20-CV-04895-SVW-PLA) 2020 WL 6647734, at *4.) These cases are more persuasive.

Unlike the cases refusing to enforce forum selection clauses, this case does not involve a "California consumer" signing a nonnegotiable contract. In those circumstances it may very well be appropriate to protect consumers from a potentially predatory business practice. Chestnut steadfastly, and correctly, maintains "California companies have the same constitutional rights as consumers[.]" In so maintaining it resists the temptation "to morph a concern about public policy into one about unconscionability." In our view, the material difference in this case justifying a different result is the *opportunity* to negotiate the contract.

More recently, California courts have squarely confronted the issue presented in this case. In *Comedy Store v. Moss Adams LLP* (2024) 106 Cal.App.5th 784, review granted February 11, 2025, S288469 (*Comedy Store*), the appellate court refused to enforce a jury trial waiver in which the party seeking enforcement stipulated to a jury trial in the contracted-for venue. There, because the contract stated both parties " 'must agree in writing to modify th[e] agreement,' " the court held a unilateral stipulation could not rectify the original, illegal waiver. (*Id.* at p. 793.) To be sure, the court explicitly rejected the argument a "trial court could disregard a contract term that violates public

9.

policy because a party ha[d] made a post-contractual offer not to enforce it." (*Id.* at p. 794.)

*Comedy Store* went further, recognizing that, when parties adopt illegal contract provisions, there exists a real potential to chill litigation. Allowing them to simply "unilateral[ly] stipulat[e]" to ameliorate any violation would not deter those contracting practices. (*Comedy Store, supra,* 106 Cal.App.5th at p. 797.) The offending party in *Comedy Store* admitted it regularly drafted contracts involving the same illegal term. (*Ibid.*) This case contains no similar evidence in the record regarding Amazon's contracting practices, and no similar provision limiting amendments to the agreement.

Amazon, in supplemental briefing, disclaims the notion it "propose[d] a stipulation," pointing out it instead "unequivocally waived [its] right to enforce the jury trial waiver provisions." It notes "waiver is an entirely different doctrine of law, recognized in both California and in Washington."

It is true Amazon's written disclaimer stated it "affirmatively waive[d]" its right to enforce the jury trial waivers in the contracts.[7] We agree Amazon waived its contractual right to a nonjury trial and, when viewed properly as a waiver rather than a stipulation, the waiver is binding on Amazon.

" ' "[W]aiver is the intentional relinquishment of a known right after knowledge of the facts." … The burden ... is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and "doubtful cases will be decided against a waiver[.]" ' " (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 31.) " ' "[A] contracting party may waive provisions placed in a contract solely for [its] benefit." ' " (*Reeder v. Longo* (1982) 131 Cal.App.3d 291, 296.) These principles adequately cover and validate Amazon's conduct in this case. Washington law likewise validates Amazon's waiver. (*Kellogg v. National Railroad Passenger*

---

[7] Amazon's waiver was contained within a reply filing in the trial court.

*Corporation* (2022) 199 Wash.2d 205, 229 [" 'Waiver' is an intentional and voluntary relinquishment of a known right and can be made unilaterally and without consideration."]; (Wash. R. Super. Ct. Civ. 38(d) [jury trial demand subject to "withdraw[al] only if the parties consent"].)  Because Amazon waived the nonjury trial provision in the contracts, Chestnut may lawfully enforce its California jury trial rights in Washington.

In *Lathrop v. Thor Motor Coach, Inc.* (2024) 105 Cal.App.5th 808, review granted January 15, 2025, S287893 (*Lathrop*), another case involving a predispute jury trial waiver, the appellate court found moving a case from California to Indiana would not provide the consumer-party with the same protections it would receive under the Song-Beverly Consumer Warranty Act.[8]  (*Id.* at p. 818.)  Because "Indiana did not provide … the same or greater rights than California," the forum selection clause was not enforceable.  (*Id.* at p. 819.)

The offending party in *Lathrop* offered to stipulate to providing California rights in the contracted-for venue.  (*Lathrop, supra,* 105 Cal.App.5th at p. 820.)  The appellate court again rejected the stipulation, finding a potential to chill litigation and an incentive to continue to draft illegal provisions, especially where the party "routinely include[d] those [offensive] provisions in its" contracts.  (*Id.* at pp. 820-821.)  Again, the record here does not disclose evidence about Amazon's contracting practices.

This case involved two sophisticated parties actively negotiating a contract.  The record does not bear out a concern for gamesmanship, chilling litigation, and deterring unlawful contract-drafting practices.  Because there is simply no evidence the contract was presented on a take-it-or-leave-it basis, or Amazon regularly and intentionally includes illegal provisions within its contracts, judicial intervention is unnecessary.

---

[8] Civil Code section 1790 et seq.

Intervention on this record would instead substantially impair and undermine the public policy encouraging fair contract formation.

In sum, the trial court did not abuse its discretion in finding Amazon met its burden to demonstrate Chestnut's rights under California law were not diminished by permitting the case to proceed instead in Washington. The only right at issue in this case is the right to a jury trial and Amazon's assent to a jury trial via waiving a nonjury trial is valid and binding in Washington. The court's ruling was neither manifestly unreasonable nor did it undermine any California public policy.

## DISPOSITION

Amazon's Request for Judicial Notice filed on November 13, 2024, is granted. Chestnut's Request for Judicial Notice filed on December 2, 2024, is denied. Amazon's Motion to Seal Exhibits A and B filed on February 7, 2025, is granted. Amazon's request to consider additional evidence, also filed on February 7, 2025, is denied.

The April 23, 2024 order is affirmed. Appellate costs are awarded to Amazon.


SNAUFFER, J.

WE CONCUR:


LEVY, Acting P. J.


FRANSON, J.

12.