Filed 12/23/25  The Comedy Store v. Moss Adams CA2/4
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE COMEDY STORE, | B327404 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22SMCV01463) |
| v. | |
| MOSS ADAMS LLP, | |
| Defendant and Respondent. | |

APPEAL from judgment of the Superior Court of Los Angeles County, Lisa K. Sepe-Wiesenfeld, Judge.  Affirmed.

Ellis George and Todd M. Lander; Rosen Saba and Michael J. Peng for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo and Stephen J. Tully; Garrett & Tully, John C. Tully, Ryan C. Squire and Brian W. Ludeke for Defendant and Respondent.

After a grant of review, this matter was transferred back to us by the California Supreme Court with directions to vacate our prior decision and reconsider it in light of *EpicentRx, Inc. v. Superior Court* (2025) 18 Cal.5th 58 (*EpicentRx*).  Upon reconsideration, we conclude that the trial court correctly enforced the forum selection clause in the parties' agreement and dismissed the case.

## BACKGROUND

### A.    Factual Background

The following facts are taken from the Store's complaint. The Store is a stand-up comedy venue in Los Angeles.  COVID-19 social distancing restrictions forced it to close for more than a year beginning in March 2020.  In July 2021, the Store engaged Moss Adams, an accounting firm that held itself out as having expertise in the Coronavirus Aid, Relief, and Economic Security Act (CARES Act, 15 U.S.C., §§ 9001, et seq.), to assist it in applying for a Shuttered Venue Operator Grant from the United States Small Business Administration.

The parties signed a Master Services Agreement and Statement of Work (together, the agreement).  Relevant to this appeal, the parties agreed that, if a dispute arose from or related to the agreement and could not be settled by mediation, "each Party hereby irrevocably (a) consents to the exclusive jurisdiction and venue of the appropriate state or federal court located in King County, state of Washington, in connection with any dispute hereunder or the enforcement of any right or obligation hereunder, and (b) WAIVES ITS RIGHT TO A JURY TRIAL."

The Store worked with Moss Adams to assemble documentation needed for a grant application.  However, before it

2

was able to submit an application, the Store found the program had recently ended. Moss Adams did not warn the Store of the program's pending expiration, and had it done so, the Store would have timely submitted its application. The Store alleges that Moss Adams's acts and omissions prevented the Store from obtaining an $8.5 million grant.

## B.    Procedural Background

In July 2022, the parties mediated the dispute but did not reach a settlement. Counsel discussed the venue for the litigation. In a July 13, 2022, email to the Store's counsel, Moss Adams's counsel stated: "Per our call yesterday, Moss Adams agrees to venue for a suit in the federal district court, Central District of California, and in that case we will not enforce the Washington forum selection clause in the engagement agreements."

The Store filed its complaint in the district court on July 26, 2022. However, the district court ordered the Store to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Finding no diversity jurisdiction, it dismissed the action. The Store refiled its complaint in the superior court. Moss Adams filed a motion to dismiss or stay the action based on improper venue, citing the forum selection clause.

The Store opposed the motion primarily on the basis that Moss Adams waived any objection to a California forum and failed to demonstrate that the Store's right to a jury trial would not be diminished in a Washington court. The trial court granted the motion and ordered Moss Adams to stipulate that the Store is entitled to exercise its right to jury trial in any future action filed in Washington State that arises from the agreement.

3

The Store appealed.  After considering the briefs and hearing argument, we reversed the judgment of dismissal and directed the trial court to vacate the order granting Moss Adams's motion.  (*The Comedy Store v. Moss Adams LLP* (2024) 106 Cal.App.5th 784, 791, 797–798 (*Comedy Store I*).)  Moss Adams filed a petition for review, which our Supreme Court granted.  (Feb. 11, 2025, S288469.)  Upon review, the court directed us to vacate our opinion and reconsider the cause in light of its decision in *EpicentRx*.  (Sept. 3, 2025, S288469 [nonpub. opn.].)  Following the transfer of the case to this court, neither party filed supplemental briefing, and the matter was deemed submitted.  (Cal. Rules of Court, rules 8.200(b) and 8.256(d)(2).)

## DISCUSSION

The Store asserts several errors on appeal.[1]  First, it argues that the trial court erred in failing to find Moss Adams waived enforcement of the forum selection clause by agreeing to litigate in federal court.  Second, the court erred in finding the forum selection clause enforceable when the agreement contained a predispute jury waiver.  Third, other considerations made it unreasonable to enforce the forum selection clause.

### A.    Governing Law

"'Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the

---

[1]    To the extent the Store attempts to assert more than the three contentions of error we can discern from the headings of its opening brief, we deem such contentions forfeited.  (*Petrovich Development Co., LLC v. City of Sacramento* (2020) 48 Cal.App.5th 963, 976, fn. 9, citing Rule 8.204(a)(1)(B).)

4

jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere.' [Citation.]" (*EpicentRx, supra*, at p. 72.) "Thus, as the relevant statutes provide, 'When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just.'" (*Ibid.*, quoting Code Civ. Proc., § 410.30, subd. (a); § 418.10, subd. (a)(2).)

Moss Adams's motion sought to enforce the agreement's forum selection clause. Such clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable. (*EpicentRx, supra*, at p. 73; *Korman v. Princess Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206, 213 (*Korman*).) A trial court's determination of whether a forum selection clause should be enforced through a motion to dismiss for forum non conveniens is reviewed for abuse of discretion. (*Korman, supra*, 32 Cal.App.5th at p. 213.) Where no conflicting extrinsic evidence has been presented, the interpretation of a forum selection clause is a legal question that we review de novo. (*Id.* at p. 214.)

## B.   Waiver of Right to Enforce Forum Selection Clause

The Store, citing the July 2022 email from Moss Adams's counsel, argues that Moss Adams waived its right to enforce the forum selection clause by agreeing "to venue for a suit in the federal district court, Central District of California . . . ." The trial court found that Moss Adams's counsel made this statement during mediation and settlement discussions, and therefore, the communication could not be relied on as evidence. The court

found the offer was "conditional," did "not amount to a wholesale waiver of the forum selection clause," and the condition of proceeding in district court was "not satisfied." It further found "the parties did not engage in significant discovery and [Moss Adams] filed the instant motion within 6 weeks of [the Store's] complaint."

"'Generally, "waiver" denotes the voluntary relinquishment of a known right.' [Citation.]" (*In re Marriage of Taschen* (2005) 134 Cal.App.4th 681, 689 [applying general law of waiver to determine that party did not waive her right to stay or dismiss action based on inconvenient forum].) The party claiming a waiver of a right has the burden of proving the waiver by clear and convincing evidence that does not leave the matter to speculation, and doubtful cases will be decided against a waiver. (*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.* (1994) 30 Cal.App.4th 54, 60 (*DRG/Beverly Hills*).) A waiver of contractual rights "must be a clear expression made with a full knowledge of the facts and an intent to waive the right." (*Spellman v. Dixon* (1967) 256 Cal.App.2d 1, 5.)

Here, the July 2022 email, even if admissible, cannot reasonably be interpreted as a waiver of Moss Adams's right to enforce the forum selection clause. Moss Adams conditioned its agreement to forego a Washington forum on the case moving forward in "federal district court" in the "Central District of California." This did not happen, as the federal court dismissed the case. The Store nevertheless urges us to find a waiver because the email failed to state what would happen if the case did not proceed in federal court. We decline to infer a waiver from Moss Adams's silence on the matter, as doubts must be resolved against finding a waiver, and any ambiguity must be

6

resolved against the Store, the party claiming a waiver. (*DRG/Beverly Hills, supra,* 30 Cal.App.4th at p. 60.)

## C.    Enforcement of the Forum Selection Clause

### 1.    *Comedy Store I*

In our previous decision, we acknowledged prior appellate decisions holding that predispute jury waivers are contrary to California's public policy. (*Comedy Store I, supra,* at p. 789.)  We acknowledged that forum selection clauses are generally enforceable, but California courts would not defer to the selected forum if doing so would substantially diminish the rights of California residents in a way that violates our state's public policy. *(Ibid.)*  We followed *Handoush v. Lease Finance Group, LLC* (2019) 41 Cal.App.5th 729 (*Handoush*), which reversed a trial court's order granting a motion to dismiss where the parties' contract included a New York forum selection clause and a jury trial waiver. (*Id.* at pp. 790–791.)  We concluded that Moss Adams failed to demonstrate that litigating the claims in Washington would not diminish the Store's right to a jury trial,[2] and we reversed. (*Id.* at pp. 793–798.)

### 2.    *EpicentRx*

Thereafter, our Supreme Court decided *EpicentRx.* EpicentRx, a Delaware corporation with its principal place of business in California, and other defendants moved to dismiss a

---

[2]      We concluded that Moss Adams failed to show that the Washington Constitution guarantees the right to a jury trial in civil cases. (*Comedy Store I, supra,* at p. 792.)  Moss Adams also failed to persuade us that a Washington court would enforce its stipulation. (*Id.* at pp. 793–797.)

shareholder's suit based on forum non conveniens. (*EpicentRx, supra,* at p. 66.) They relied on forum selection clauses in EpicentRx's certificate of incorporation and bylaws that required most stockholder lawsuits to be brought in the Delaware Court of Chancery. (*Ibid.*) The trial court and Court of Appeal held that the forum selection clauses were unenforceable because the plaintiff would have the right to a jury trial in a California court but not in a Delaware Court of Chancery. (*Id.* at pp. 66–67.)

Reversing the lower courts' orders, our Supreme Court held that California's public policy "protects the jury trial right in California courts, not elsewhere," and "[a] forum selection clause is not unenforceable simply because it requires the parties to litigate in a jurisdiction that does not afford civil litigants the same right to trial by jury as litigants in California courts enjoy." (*EpicentRx, supra*, at p. 67.) Consequently, the Supreme Court disapproved *Handoush* and *Comedy Store I* to the extent they concluded otherwise. (*Id.* at p. 84, fn. 7.)

3.      *Analysis*

The Store concedes that "a forum selection clause like the one in the [agreement] are [sic] generally given effect unless enforcement would be unreasonable or unfair, and the party opposing enforcement of the clause ordinarily bears the burden of providing why it should not be enforced." The arguments that follow, however, rely on *Handoush* and presume that California litigants enjoy a fundamental right to a jury trial in the courts of other states. These arguments are foreclosed by *EpicentRx* and do not provide a basis for refusing to enforce the forum selection clause.

8

We turn to the Store's other arguments why it would be unreasonable to enforce the forum selection clause. A forum selection clause "is reasonable if it has a logical connection with at least one of the parties or their transaction." (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147, fn. omitted (*Verdugo*).) "'[E]nforcement is considered unreasonable where "the forum selected would be unavailable or unable to accomplish substantial justice" or there is no "rational basis" for the selected forum. [Citation.]'" (*Korman, supra,* 32 Cal.App.4th at p. 216.)

The trial court found that the Store failed to show that it would be unreasonable to enforce the forum selection clause. It found the parties "sophisticated, experienced, and knowledgeable," and the Store had not demonstrated procedural or substantive unconscionability. The court also found that the inconvenience of witnesses, facts arising in California, and local interest in the lawsuit were insufficient reasons to bar enforcement of the clause.

4.    *The Store Has Not Shown That Enforcement of the Forum Selection Clause Would Be Unreasonable*

In this appeal, the Store does not contend that a Washington forum lacks a logical connection with one of the parties (*Verdugo, supra,* 237 Cal.App.4th at p. 147), and it concedes that Moss Adams's headquarters are located in Seattle. It does not contend that a Washington court would be unavailable or unable to accomplish substantial justice in this dispute. (*Korman, supra,* 32 Cal.App.4th at p. 216.) Instead, the Store argues that it would be unreasonable to enforce the forum selection clause because two provisions of the agreement (the jury trial waiver and a clause limiting damages) are unconscionable.

9

It further argues that percipient witnesses and most of Moss Adams's partners are located in California, and the Store suffered damages in California.  Lastly, it argues that enforcement would be unreasonable because Moss Adams agreed to litigate in the Central District of California and caused delay in the case.  None of these arguments is persuasive.

a.	Unconscionability

The Store argues that the agreement containing the forum selection clause is unconscionable because it contains a jury trial waiver and a provision limiting damages for Moss Adams's negligence to the fees paid or payable to Moss Adams.  These provisions, it contends, "collectively render the agreement broadly contrary to California law."

The unconscionability argument is forfeited because the Store did not properly raise it, either below or on appeal.  In the trial court, the Store briefly referred to these contract provisions in the factual background section of its opposition to the motion to dismiss.  However, it cited no unconscionability cases and did not analyze the provisions under the relevant standards.  We decline to address the Store's argument for the first time on appeal. (See *Miller v. Pacific Gas & Electric Co.* (2023) 97 Cal.App.5th 1161, 1170 ["an appellate court will generally not consider an issue presented for the first time on appeal that could have been but was not presented in the trial court"].)  The Store's appellate briefing is similarly lacking in cited authority and analysis, permitting us to treat the issue as abandoned. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [A "conclusory presentation, without pertinent argument or an

10

attempt to apply the law to the circumstances of this case, is inadequate"].)

The Store's arguments are unpersuasive, in any event. Unconscionability "has both a procedural and a substantive element." (*Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 492.) Procedural unconscionability concerns "'the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power.'" (*Ibid.*) The Store does not describe oppression or unequal bargaining power; rather, evidence in the record supports the trial court's finding that the parties were sophisticated business organizations.[3] Accordingly, the Store has failed to show that unconscionability in the agreement makes it unreasonable to enforce the forum selection clause.

### b. Location of Witnesses and Situs of Damages

The Store argues that it is unreasonable to enforce the forum selection clause because the Store incurred damage in California and witnesses and Moss Adams's partners are located here. However, "a party resisting enforcement of a forum selection clause cannot carry its burden of demonstrating unreasonableness by relying on 'the factors of inconvenience and expense' of the selected forum." (*EpicentRx, supra,* at p. 73.) "'"Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff

---

[3] Evidence in the record also indicates a lack of surprise. The Store's employee who contacted Moss Adams for help with the grant application was its controller, Harold Breslow, a former Moss Adams partner. Breslow declared that Moss Adams sent him the firm's "standard" engagement letters.

received under the contract consideration for these things.'" [Citation.]" (*Ibid*.) Here, the Store's evidence of inconvenience from litigating in Washington is insufficient to establish unreasonableness of the forum selection clause.

c.     Prejudicial Delay

Finally, the Store argues that enforcing the forum selection clause is unreasonable because Moss Adams agreed to litigate in federal court and caused prejudicial delay. The case it cites, *Trident Labs, Inc. v. Merrill Lynch Commercial Finance Corp.* (2011) 200 Cal.App.4th 147 (*Trident*), involved a forum selection clause that gave the lender the "'sole discretion'" to enforce the subject loan agreement in Illinois or a different state. (*Id*. at p. 150.) When the borrower sued in California, the lender removed the case to federal court in California. (*Id*. at p. 151.) The federal court remanded the case, and thereafter, the lender engaged in discovery and pleading challenges. (*Id*. at pp. 151– 152.) After litigating for 19 months, the lender successfully moved to dismiss or stay the suit based on the forum selection clause. (*Id*. at pp. 152–153.) The Court of Appeal reversed. (*Id*. at p. 157.) It concluded that, "when a party, under the terms of a forum selection clause, has the option to litigate in more than one forum," and litigates extensively in the original forum, it cannot later compel the other party to another forum. (*Ibid*.) "Such circumstances make enforcement of the forum selection clause unreasonable as a matter of law." (*Ibid*.)

*Trident* is distinguishable. Even if the agreement had given Moss Adams the option to litigate in more than one forum, the record does not reveal extensive litigation efforts in California or lengthy delay by Moss Adams. The parties' unsuccessful

12

mediation, Moss Adams's offer to litigate in district court, the Store's filing of its federal complaint, and the district court's dismissal all occurred during a period of less than six weeks in July and August 2022. The Store filed its state court complaint in late August 2022, and in response, Moss Adams filed its motion to dismiss. Moss Adams did not file an answer or cross-complaint or engage in significant discovery. Accordingly, *Trident* does not persuade us that enforcement of the forum selection clause would be unreasonable in this case.

In sum, the Store failed to demonstrate that enforcement of the forum selection clause would be unreasonable, and the trial court did not abuse its discretion in enforcing it.

## DISPOSITION

Our prior opinion is vacated. The judgment of the trial court is affirmed. Moss Adams is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

ZUKIN, P. J.

COLLINS, J.

13